**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

Eastern District of Kentucky
FILED
SEP 10 2026
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 26-65-DLB-CJS
**21 U.S.C. § 841(a)(1)**

**EDWARD LEE BALL**

* * * * *

**THE GRAND JURY CHARGES:**

On or about September 3, 2026, in Gallatin and Carroll Counties, in the Eastern District of Kentucky, and elsewhere,

**EDWARD LEE BALL**

attempted to knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Before **EDWARD LEE BALL** committed this offense, **EDWARD LEE BALL** had a final conviction for a serious violent felony, namely, Manslaughter in the First Degree, in violation of K.R.S. § 507.020, in the Jefferson County, Kentucky Circuit Court, Case No. 96-CR-002131, entered on or about December 4, 1997, for which he served more than 12 months imprisonment.

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**

1. By virtue of the commission of the felony offense alleged in the Indictment,

**EDWARD LEE BALL** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **EDWARD LEE BALL** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

3. The property to be forfeited includes, but is not limited to, the following:

**<u>CURRENCY</u>:**
Approximately $50,000 in U.S. currency seized on or about September 3, 2026.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**ANDREW SPIEVACK**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**If a prior serious violent felony**, not less than 10 years and not more than life imprisonment, not more than an $8,000,000 fine, and at least 8 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Forfeiture of listed items.

**PLUS:** Restitution, if applicable.